# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Land and Buildings Located at 21 Boulder Drive,** )<br>**Belmont, New Hampshire, with all Appurtenances and** )<br>**Improvements Thereon, Owned by Paul L. Mellor and** )<br>**Laura E. Mellor;** )<br>**Defendant-in-Rem** )<br>_____) | **CIVIL NO. 05-221-B** |

## ORDER FOR INTERLOCUTORY SALE

Having reviewed the Assented-To Motion for Interlocutory Sale of Land and Buildings Located at 21 Boulder Drive, Belmont, New Hampshire,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The defendant property, Land and Buildings Located at Located at 21 Boulder Drive, Belmont, New Hampshire, shall be sold at an interlocutory sale pursuant to the terms set forth in the Assented-To Motion for Interlocutory Sale;

2. The claimants, Paul L. Mellor, Laura E. Mellor, and Chase Home Finance, LLC, and will execute promptly any documents which may be required to complete the interlocutory sale of the defendant property;

3. The USMS, will select a licensed real estate broker to market and sell the defendant property, pursuant to a brokerage agreement for a term of at least six months, at a price to be determined by the broker and the USMS of not less than 95 percent of the value of the property shown on the appraisal commissioned by the USMS;

      4. The United States and all parties in interest will be notified of all reasonable offers to purchase the defendant property;

      5. If the highest offer to purchase obtained within the term of the brokerage agreement is less than 95 percent of the appraised value, the sale shall go forward only if the United States and all parties in interest agree to the sale. However, if an offer to purchase is received for a figure of 95 percent or more of the appraised value, the broker and the USMS may enter into a sales contract without prior consent of the other parties in interest. The United States may, in its sole discretion, reject any offer to purchase the defendant property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture;

      6. The purchase price of the defendant property will be a cash price;

      7. The net proceeds from the sale of the defendant property will include all money realized from the sale of the defendant property, except for the following expenses, which shall be paid at the time of closing from the proceeds of the sale:

        a. Real estate commissions, if any;

        b. The amounts due to lienholder Chase Home Finance, LLC, pursuant to a mortgage evidenced by documents recorded at the Belknap County, New Hampshire, Registry of Deeds;

        c. Real estate property taxes which are due and owing;

        d. Insurance costs, if any;

        e. Escrow fees;

        f. Document recording fees not paid by the buyer;

      g.  Title fees;

      h.  Transfer taxes

    8.  The net proceeds realized from the sale of the defendant property after payment of the mortgage to Chase Home Finance, LLC, shall be substituted as a "substitute res" for the defendant property named in this lawsuit, and shall be remitted to the custody and control fo the USMS as a substitute res in this case, and held pending further order of the Court, and shall be subject to all remaining unpaid liens, if any are applicable.

    9.  Paul L. Mellor and Laura E. Mellor will retain custody, control, and responsibility for the defendant property, will retain existing hazard and homeowners' insurance on the defendant property, will maintain the structure and grounds in a manner consistent with offering the property for sale, and will keep current on all expenses required by federal, state and local law (including real property taxes) for a period of up to four months from the date of this order or until the interlocutory sale has been completed, whichever occurs earlier.  Paul L. Mellor and Laura E. Mellor reserves their right to supplement their Verified Claim in this matter to include any additional expenses they incur during this period.

Dated: April 4, 2006     /s/ Paul Barbadoro
                                   United States District Judge